MAY, Judge,
concurring in result.
[40] Both the lead opinion and Chief Judge Vaidik’s concurrence proceed on the premise “we must consider the interplay between T.R. 17(F) and T.R. 15(C),” (Op. at 780), and “this case turns on the interaction between Trial Rules 15(C) and 17(F).” (Op. at 776) (Vaidik, C.J., concurring). As the relation back provision of T.R. 15(C) does not apply to the situation before us, there is no such “interplay” or “interaction.” The trial court’s judgment may be affirmed by the proper application of T.R. 17(F) alone, and I accordingly concur in the result.
[41] T.R. 15(C) governs “amendment” of pleadings, but subsection (C), which addresses relation back, does not apply to the situation before us, i.e., adding the *788 correct name of a “John Doe” defendant. That situation is explicitly governed by T.R. 17(F) alone.
[42] T.R. 15(C) first addresses the relation back requirement that the “claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,” but that is not the question before us. It then addresses amendments “changing the party against whom a claim is asserted.” That part of the rule provides there is relation back if
the party to be brought in by amendment:
(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.
Ind. R. Trial P. 15 (emphasis added).
[43] The “relation back” provisions of T.R. 15(C) do not apply to a “John Doe” situation, because the T.R. 17(F) situation where the name or existence of a party is unknown is not the same as the T.R. 15(C) situation where there has been a mistake about the identity of the proper party. In other words, adding a party because there has been a mistake about who should be the proper defendant, is governed by T.R. 15(C). That is not the same situation as giving a name to a previously-unidentified party who is already a “John Doe” defendant. T.R. 17(F) applies when “the name or existence of a party is unknown,” and provides “his name may be inserted by amendment at any time.” Correcting a mistake is not the same as- learning an unknown party’s name.
[44] T.R. 15(C) governs the relation back of an amendment due to a mistake concerning the identity of a party, but the failure to identify individual defendants when the plaintiff knows that such defendants must be named is not a “mistake.” See, e.g., Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir.2013) (“the lack of knowledge of a John Doe defendant’s name does not constitute a ‘mistake of identity’ ”) (addressing Fed.R.Civ.P. 15); Barrow v. Wethersfield Police Dep’t, 66 F.3d 466, 470 (2d Cir.1995), modified, 74 F.3d 1366 (2d Cir.1996) (Fed.R.Civ.P. 15(c) explicitly allows, under certain circumstances, the relation back of an amendment due to a ‘mistake’ concerning the identity of the parties, but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake); Cooper v. Rhea Cnty., Tenn., 302 F.R.D. 195, 200 (E.D.Tenn.2014) (naming a defendant as “John Doe” in a complaint is not considered a “mistake” under Fed.R.Civ.P. 15(c)).
[45] Because there was no “mistake,” T.R. 15(C) has no application to the case before us, and we need not and should not decide whether there is “relation back.” It is clear from the language of T.R. 17(F) that a complaint may be amended to name a “John Doe” party even when an amendment premised on “mistake” might not relate back. Instead, in the case before us we must determine the independent effect of the language in T.R. 17(F) that “when the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time.”[16] (Emphasis added.)
*789 [46] While I believe the relation back provisions in T.R. 15(C) have no application to the case before us because there was no “mistake,” I agree with the lead opinion and the concurrence that the summary judgment for Danz was not error, and I accordingly concur in the result.

. While many jurisdictions permit "John Doe” pleadings and have adopted rules to govern them, the “at any time” language appears to be unique to the Indiana rules. See, *789 e.g., Nev. R. Civ. P. 10: “A party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly.”' And see Ala. R. Civ. P. 9:
When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.
I agree with the reasoning articulated in the concurring opinion that T.R. 17(F) allows the insertion of the name of a real party in interest at any time provided the plaintiff used due diligence to discover the defendant’s identity, and I agree Danz was entitled to summary judgment because the facts show the Millers knew Danz was John Doe # 8 before they commenced this action and nearly three years before they filed their fifth amended complaint. But as explained above, I do not agree with the lead opinion and the concurrence that a plaintiff must independently satisfy T.R. 15(C) in this situation.